IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                           CASE No.     17-22545-JKO
GUILLERMO RODRIGUEZ                              Chapter 13

DEBTOR(S).
_____/

## OBJECTION TO CONFIRMATION OF
## CHAPTER 13 PLAN [DE # 8]

Secured Creditor Ditech Financial LLC (the "Secured Creditor") objects to confirmation of Debtor's Chapter 13 Plan [DE # 8] (the "Plan") for the following reasons:

1. Secured Creditor's claim is secured only by a first mortgage security interest encumbering real property located at **1007 SW 112 Terr, Pembroke Pines, FL 33025** that is the debtor's principal residence and is protected from modification pursuant to 11 U.S.C. § 1322(b)(2). Secured Creditor's Proof of Claim will be timely filed on or before March 1, 2018.

2. **The Plan understates pre-petition arrearages.** The **pre-petition arrearage balance is $35,625.20** of which the Plan only provides to pay $466.67. The value of property to be distributed to the Secured Creditor under the Plan is less than the allowed amount of its claim in violation of 11 U.S.C. §§ 1322(b)(2) and 1325. A Plan which does not accomplish payment of pre-petition arrearages in full does not result in a discharge in bankruptcy of the unpaid pre-petition arrearages under the holding of *In re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821 (11th Cir. 2003):

> We hold that although the parties are bound to the terms of the Plan, as confirmed, Universal's secured claim for arrearage survives the Plan and it retains its rights under the mortgage until Universal's claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, Universal will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim. *Bateman, supra.*, at 834.

Therefore it is in the Debtor's interest as well as their obligation to pay the full amount of the arrearage through their chapter 13 plan, in order to avoid a foreclosure for these amounts at the conclusion of the plan.

3. **Debtor lacks disposable income to fund plan.** Schedule J states that Debtor's monthly net income is $1,352.13, which monthly disposable income is not allocated to pay the $35,625.20 arrearage or the Trustee's fees and other items. Confirmation of the Chapter 13 Plan should be denied because it is not submitted in good faith.

4. **Plan uses incorrect commitment period.** The Plan provides for a 60 month commitment period, but Debtor's Form 22C Statement of Current Monthly Income [DE # 3] requires a 36 month commitment period pursuant to 11 U.S.C. § 1322(d)(2) and § 1325(b)(4).

5. Secured creditor is entitled to attorneys fees pursuant to 11 U.S.C. § 1322(e) which fees should be added to the balance due on the Note and Mortgage pursuant to the terms of those documents, but attorneys fees should not be a personal obligation of the Debtor.

WHEREFORE Creditor requests that this Honorable Court enter an Order denying Confirmation of Debtor's Chapter 13 Plan and dismissing the Chapter 13 bankruptcy with prejudice, together with fees as set forth above.

                                            **Gladstone Law Group, P.A.**

**BY:** /s/ Spencer Gollahon
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 647799
ecf@gladstonelawgroup.com
sgollahon@gladstonelawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2017, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

Robert J. Bigge Jr., Esq
915 Middle River Drive, Suite 401
Fort Lauderdale, FL 33304
brpa@biggerodriguez.com

U.S. Trustee Southern District of Florida
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355
robinweiner@ch13weiner.com

and on November 9, 2017, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Guillermo Rodriguez
1007 SW 112 Terr
Pembroke Pines, FL 33025

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Gladstone Law Group, P.A.**

**BY:** /s/ Spencer Gollahon
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 647799
ecf@gladstonelawgroup.com
sgollahon@gladstonelawgroup.com

Our Case #: 17-001800-OBJ\17-22545-JKO\GREENTREE
File No 3172-N-3684